UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN BROWN,

    Plaintiff,

v.                                                    CASE NO. 8:19-cv-1374-T-23AEP

BARCLAYS BANK DELAWARE,

    Defendant.
_____/

**ORDER**

Presenting a "card-member agreement" that includes a broad arbitration provision (12-1 at 3), Barclays moves (Doc. 12) unopposed to compel arbitration of this Telephone Consumer Protection Act action.  Under 9 U.S.C. § 3 a district court must stay an action if the parties have agreed to arbitrate the claim.  *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002) ("The [Federal Arbitration Act] provides for stays of proceedings in federal district courts when an issue in the proceeding is referable to arbitration"); *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) (per curiam) (holding that a district court must stay rather than dismiss a claim the parties have agreed to arbitrate).  Accordingly, the motion (Doc. 12) to compel arbitration is **GRANTED**, and this action is **STAYED**.  The clerk is directed to **ADMINISTRATIVELY CLOSE** the case.  No later than seven days after the parties receive the arbitral decision, Barclays must move to lift the stay and to open

the case.  If the parties have not received the arbitral decision by **FEBRUARY 28, 2020**, on that day Barclays must file a report detailing the status of the arbitration.

ORDERED in Tampa, Florida, on August 1, 2019.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE